MARTIN
vs
TRIGG, &c.

---

CHANCERY.

Case 133.

*July 25.*

## Martin *vs* Trigg, &c.

### ERROR TO THE BARREN CIRCUIT.

*Husband and wife.    Settlements.*

JUDGE BRECK delivered the opinion of the Court.

HAD the terms upon which Trigg was authorized to transfer the slaves in contest to a trustee, for the use of Mrs. Martin and her children, been complied with, and the title to the slaves had been actually so transferred and vested, a Court of equity, under all the circumstances of the case, might well have refused to grant the relief sought. But as the terms were not complied with, and as the title to the slaves still remained in Trigg, it seems to us that the Court below erred in dismissing the

complainant's bill, and granting relief upon the cross bill of Trigg.

If the complainant had been seeking in a Court of .equity to reach or reduce to possession the estate of his wife, the principles contended for by counsel, would clearly have been applicable. The Chancellor in such cases will not lend his aid to the husband, till he has made suitable provision for the wife. But the case before us is not of that character. The wife had no interest in these slaves. Although they might have been purchased with funds derived from her by the husband, they were nevertheless absolutely and unconditionally his property when he borrowed the $400 and made the bill of sale to Trigg. The understanding that if the wife paid the $400 and interest in a year, the slaves were to be secured to her and her children, was not only in parol, but the condition was not complied with. The Chancellor is now asked to enforce this parol agreement, by subjecting a part of the slaves to the payment of the $400, and to vest the residue in a trustee for the use of the wife and children; and such relief is in effect granted by the decree of the Court below. We perceive no ground upon which it can be sustained. It is not sought by the wife in the way of alimony. It is not upon the principle of the wife's equity to a *settlement*, for she has no interest in this property, and the husband is not seeking the aid of the Chancellor to reach or realise any property or fund in which she has an interest. His intemperate and prodigal habits—his reckless inattention to the wants of his wife and children, and the fact that he has derived from her a very considerable estate, cannot in this case be rendered available in support of the decree.

The relief sought in the original bill, should have been decreed the complainant, and the cross bill of Trigg should have been dismissed.

As there is some contrariety in the testimony in regard to the value of the services of the slaves while in possession of Trigg, and whether equal to their support or not, the Court, upon the return of the cause,

MARTIN
vs
TRIGG, &c.

A husband will not receive the aid of the Chancellor to reduce to possession the estate of the wife until suitable provision shall be made for the wife.

Not so in regard to property that is bought by the husband, though with money acquired by the marriage.

will refer it to a commissioner, to ascertain and report in that behalf.

The decree is reversed, and the cause remanded for further proceedings and decree in conformity with this opinion.

*Herndon* for plaintiff; *B. & A. Monroe* for defendants.