CHIEE JUSTICE DUVADL
delivered the opinion op the court:
Carson and wife brought this action' jointly with their as-signee Elliott, against the defendant Green, on two notes executed by the latter, one of which was made payable to Mrs. Carson and the other to her and her husband jointly, and both of which had been assigned by them to Elliott. ‘
It is recited in both the notes that they were given to secure the rent of a tract of land which had been assigned to *77 Mrs. Carson as dower in the estate of her former husband, who died in the year 1851.
The defendant in his answer set up various demands against the husband, which he prayed might be allowed as a set-off against the debts sued for. The court below sustained a demurrer to this answer, and rendered a final judgment against the defendant, and he has appealed.
We think the decision was i’ight.
To have allowed the set-off by sustaining the defense relied on, would have been in effect to subject the rent of the wife’s land to the payment of the separate debts of the husband, which cannot now be done.
By the first section of article 2 of the Revised Statutes (2 vol., p. 8,) after defining the rights and powers of the husband with respect to the real estate and slaves of the wife, it is provided that such real estate, nor the rent nor hire thereof, shall be liable for any debt or responsibility of his contracted or incurred before or after marriage. “Nor shall the husband’s contingent right of courtesy, or life estate, or his right to such use, rent, or hire, be sold for, or otherwise subjected to the payment of any separate debt or responsibility of his during her life.”
Nothing need be said to show that this statute embraces the case before us, and must necessarily operate to defeat any such effort to appropriate the rent of the wife’s land to the payment of her husband’s debts.
The case of Smith, &c. vs. Long, &c., (1 Met. Ky. Rep., 486,) merely decides that where a husband, and wife had jointly ex» ecuted a bond for the conveyance of land belonging to the wife, and had put the vendee in possession, she was not entitled in equity to recover of the vendee, rent for the time he had occupied the land under the purchase.
The judgment is affirmed.