JUDGE HARDIN
delivered the opinion oe the court:
E. D. McBride and John McBride sold to Jesse Robertson a lot of ground in the city of Henderson, at the price of six hundred dollars, payable in three equal annual installments, and executed their bond to Robertson for title. Afterwards said John McBride, being the owner of the notes on Robertson for the purchase money, brought a suit to enforce the vendor’s lien on the lot for their payment; and the appellant, Watson, also brought a suit in equity, setting up two judgments against Robertson on which executions had been returned “no property found,” and seeking to subject the lot first to the payment of McBride’s debts, and then to the satisfaction of his own claims.
The two suits were consolidated; and afterwards Mrs. Martha S. Robertson, the wife of said Jesse Robertson, was, on her petition, made a party, and set up, in opposition to the relief, sought by Watson, that she, being the owner of certain real estate, sold it to J. C. Walker for eight hundred and fifty dollars, which he paid by transferring to her a note of that amount on Tandy Sandifer; and that she afterwards expended the proceeds of the note in building a house on the lot. She further alleged that her husband was improvident and insolvent, and that she owned no other estate than the interest claimed by her in said property, and prayed the court to settle the value of the house to her separate use, to the exclusion of her husband and his creditors.
*39 The court adjudged a sale of the property, and that its proceeds be first applied to the payment of McBride’s debts and certain other charges on the property; but as between Watson and Mrs. Robertson, the claim of the latter was preferred and sustained, and from that judgment Watson prosecutes this appeal.
It sufficiently appears from the evidence, that, after the transfer of the note on Sandifer, said Jesse Robertson, with his wife’s consent, agreed with Sandifer that he might discharge his note by the purchase of building materials and the payment of the wages of workmen in building the house, and that Sandifer did so.
It is settled, we think, in accordance with principle and authority, that although, if the wife have a chose in action or a right to property not reduced to possession, and which cannot be reached by a creditor of the husband without the aid of a court of equity, the chancellor will not subject it to the debt of the creditor in opposition to the wife’s claim to have a suitable provision made.for herself and children; yet, when it has been so reduced to possession, or converted by the husband to his use, and especially where this is done without any intention of making the wife her husband’s creditor, or otherwise preserving her individual rights, the court will not interpose to provide for her to the exclusion of the claim of the creditor. (Whitesides vs. Dorris and wife, 7 Dana, 108; Martin vs. Trigg, &c., 8 B. Monroe, 529; Latimer vs. Glenn, 2 Bush, 543.)
The property for which the note on Sandifer was assigned appears to have been conveyed to Walker by Mrs. Robertson, in conjunction with her husband, who afterwards, without objection on her part, appropriated its proceeds to the improvement of the lot in controversy, for which he held the bond of the McBrides; and this we regard as such a conversion and possession of the proceeds *40 of tbe wife’s property, as to vest it absolutely in the husband and render it liable to his debts, even in opposition to his wife’s claim for an equitable provision for herself and children.
This case differs from that of Sims vs. Spalding (2 Duvall, 121), to which our attention has been drawn, where the estate of the wife in the hands of her father’s executor was, without her consent, and without having been actually received by the husband, appropriated to the purchase of land which had not been conveyed to him; and the court held that the conversion of the wife’s estate was “ still in transitu,” the initial investment of the husband not having been perfected by a legal title, and the aid of a court of equity being required to subject the husband’s interest to his debts.
'Wherefore, the judgment in favor of Mrs. Robertson is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.