JUDGE PETERS
delivered the opinion oe the court;
This action was brought by appellant in the Clinton circuit court against appellee, Pickett, late sheriff of Adair county, and his sureties on the official bond of said Pickett.
*373 The petition contains two paragraphs. In the first it is alleged that appellant caused an execution to issue from the Clinton circuit court clerk’s office in his favor, against the estate of J. A. Morrison, &c., on the 14th of May, 1867, on a sale bond for one thousand five' hundred dollars, directed to the sheriff of Adair county, the same in which the defendants therein then resided, which was placed in the hands of said sheriff on the 16th day of the same month; that the defendants in said execution then and there had sufficient estate unencumbered to satisfy the said execution, known to said sheriff, but that he failed and refused to levy said execution on the estate of the defendants and to make his debt, and seeks a judgment therefor against the sheriff and his sureties.'
In the second paragraph he alleges that he caused a second execution to issue for said debt against the estate of said Morrison and others in July, 1867, which was in due time placed in the hands of Pickett, sheriff of Adair county, the same county in which the defendants in said execution then resided; and said sheriff wholly failed to levy and collect the amount thereof, although said defendants had estate unencumbered in said county, and subject to levy and sale, sufficient to satisfy his debt; and he also alleges that said sheriff failed and neglected to return said execution to the office whence it issued; and he seeks judgment for his debt, and thirty per cent, damages against said sheriff and his sureties for the failure to make his debt, and for failing to return the execution; and having failed in the court below, he has appealed to this court.
A plea to the jurisdiction of the Clinton circuit court was filed by appellees, and that is the vital question in the case.
*374 In the Bank of Kentucky vs. Harrison, &c. (1 Bush, 384), this question is settled adverse to appellant; but he insists that sections 3 and 4, article 18, chapter 36, Revised Statutes (ls£ vol., p. 493), had escaped the attention of the court, wherein it is expressly provided, that the remedy for the delinquency here complained of shall be by motion or suit in the court whence the execution issued. This provision of the statute, if unrepealed, would certainly confer jurisdiction on the court whence the execution issued to enforce the remedy against the sheriff.
By sub-sections 2 and 3 of section 94, Civil Code, it is provided, that actions against public officers for an act done by them in virtue or under color of their office, or for a neglect of official duty, and an action upon the official bond of a public officer, must be brought in the county where the cause, or some part thereof, arose.
The action was brought on the official bond of the sheriff, and the neglect of official duty by the sheriff is shown to have occurred in Adair county, where the defendants in the execution resided; their estates were in that county, as alleged, and the sheriff had no lawful authority to levy said execution on any estate o*ut of that county, if any could have been found outside of its limits. It only remains to ascertain whether the provision of the Revised Statutes, supra, has been superseded by the Civil Code.
By section 875, Civil Code, it is provided, that all statutes and laws heretofore in force in this State, in any case provided for by this Code, or inconsistent with its provisions, are hereby repealed and abrogated, &c.
The section of the Revised Statutes relied upon as giving the Clinton circuit court jurisdiction, was repealed by the section of the Civil Code just quoted; and it results that said court improperly took jurisdiction in the case.
*375 Whatever errors, therefore, may have intervened in the progress of the trial, cannot be available for reversal. As appellant’s cause of action was restricted to Adair county, no judgment could have been properly rendered in Clinton county therefor, as a plea to the jurisdiction of that court was filed and relied upon.
Wherefore, the judgment is affirmed.