JUDGE HARDIN
delivered tub opinion of the court:
On the first day of June, 1858, Z. F. Smith and wife, and Mildred D. Smith, sold and conveyed to Augustine Dupuy a tract of land containing about three hundred and forty acres, for the price of seventeen thousand and twenty-eight dollars and twenty-five cents, the receipt of which they acknowledged in their deed. It appears, however, that one thousand six hundred and two dollars and fifty cents of said consideration was not paid in money,,but by the simultaneous sale and conveyance to Z. F. Smith, by Dupuy and his wife, Lucy Jane Dupuy, of a tract of about thirty-two acres of land, which said Lucy Jane owned by inheritance from her deceased father. It also sufficiently appears, that, at the time of these sales and conveyances, said Lucy Jane Dupuy objected to conveying her title, except upon the condition that the value of the thirty-two acres should be secured *381 to her in the larger tract conveyed to her husband; but she did so on the verbal agreement of her husband that he would so indemnify her, and under advice that the deed to A. Dupuy would vest the land in him, in trust for her, to the extent of one thousand six hundred and two dollars and fifty cents of the consideration.
On the 24-th day of August-, 1867, said A. Dupuy being largely involved in debt, made a deed of assignment to W. S. Pryor, in trust for the use of his creditors, of said tract of three hundred and forty acres of land, and all his other property not exempt from execution.
Pryor, having sold the land as directed by the deed of assignment, brought this suit for the decision of certain questions which it was necessary to have judicially determined before he could, with safety to himself, make distribution of tjie assets in his hands among the creditors of Dupuy; and, by the cross-pleadings in this suit, the following matters were litigated :
1st. On the cross-petition of said Lucy Jane Dupuy, she sought to have an equitable provision made for her in consideration of her convejmnce of the tract of thirty-two acres of land to Smith, and Smith and other creditors controverted her claim.
2d. A. Dupuy set up a claim to a homestead right in the land under the act of February 10th, 1866. (Myers’ Supplement, 714.)
3d. lie sought to have a claim of Drane, Smith & Co., for a judgment against him for ten thousand three hundred and sixteen dollars and twenty cents, abated by fifteen hundred dollars, for alleged usury in the debt.
The court rendered a judgment in bar of the claim of said Lucy Jane Dupuy, and also of A. Dupuy’s claim under the homestead exemption law; and from those *382 adjudications Dupuy and wife have appealed to this court. As to the claim of usury, the court expressed the opinion that part or all of it should be allowed, and directed certain facts concerning it to be ascertained by a commissioner; and from this order the claimants of said debt prosecute a cross-appeal. But as we did not regard the order as a final judgment, the cross-appeal will be dismissed for want of jurisdiction in this court.
The claim of Mrs. Dupuy was, in our opinion, properly rejected. The deeds contained no reservation in her favor. One of them divested her of her title, and the other vested in her husband the land which he purchased in part with it. These transactions constituted a complete conversion and reduction of her estate in the land by her husband to his possession; and generally, where this is done, a court of equity will not interpose to provide for the wife to the exclusion of the claims of creditors. (Whitesides vs. Dorris and wife, 7 Dana, 108; Martin vs. Trigg, 8 B. Mon., 529; Latimer vs. Glenn, 2 Bush, 543; and Watson vs. Robertson, decided at the last term.)
It is insisted, however, that the deed to A. Dupuy vested the title in him, so far as purchased with the thirty-two acre tract of land, in trust for his wife; but by section 22 of chapter 80 of the Revised Statutes (2 vol., 230) it is declared, that “ when a deed shall be made to one person, and the consideration paid by another, no use of trust shall result in favor of the latter.” And although this provision of the statute is by a subsequent one restricted in its application, the facts show the conveyance in this case to be embraced by it.
We also concur in the conclusion of the circuit court, that, as to said debt of Drane, Smith & Co., A. Dupuy *383 was not entitled to the benefit of said act of February 10, 1866. The homestead exemption provided by that act is restricted to debts incurred after the first day of June, 1866 ; and although the debt of Drane, Smith & Co. was evidenced by a note executed to Smith, dated the first day of January, 1867, it indispulably appears that that note was given in renewal of a note for seven thousand nine hundred dollars, executed by Dupuy to Mildred D. Smith, on the 20th of August, 1863. As the renewal of a note is not a satisfaction of the debt, but only a change of the evidence of it, the court properly regarded the debt as having been incurred before the first day of June, 1866, notwithstanding the date of the last note given. (Lowry vs. Fisher, 2 Bush, 70.)
Wherefore, the judgment is affirmed on the original appeal, and the cross-appeal is dismissed.