## LYDIA B. JONES *v.* JOHN M. JONES'S TRUSTEE.

**Husband and Wife.**

Where the husband is the owner in fee of real estate, and procures from his wife some of the means with which he pays some of the purchase money, the wife can assert no claim as against creditors of the husband who became such on the strength of such ownership and without knowledge of any claim of the wife.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

### November 17, 1877.

OPINION BY JUDGE PRYOR:

As said by council, this is another one of the cases in which the confiding wife has been misled by the promises of the husband, and upon the facts as presented we must adjudge is without remedy.

In the first place the testimony of the wife can scarcely be deemed sufficient to establish the agreement relied on as against the husband, and in addition there is no proof showing that the money, the proceeds of the wife's land, was applied to the payment of the sum due for the land purchased of Hill.   The conveyances of the land had all been made to the husband, and upon the faith of his ability to pay, and the fact that the records of the county in which he lived gave satisfactory evidences of his entire solvency and complete ownership of the land enabled him to obtain all the credit he desired.

The wife had no lien that could have been discovered by the creditors of the husband.   She permitted him to sell her land and collect and use the money long prior to this assignment, upon the faith of his promise that he would secure it to her, the husband having

obtained a complete title to all the land in controversy before the sale of the wife's land was made. There was a complete conversion of the wife's land by the husband into money, the money reduced to possession and used, whether for the payment on the land purchased of Hill or not, is left uncertain. In such cases courts of equity will not provide for the wife, when prejudicing the claims of the husband's creditors. If there is any difference in the equity of the wife in this case, and the cases heretofore decided by this court involving similar questions, it arises out of the deed of assignment. The husband in the deed recites that he had invested the proceeds of the wife's land, and also some cash received from other sources belonging to the wife, in part payment of a tract of 206 acres for her own use and benefit.

There never was any conveyance to the wife, nor is there any by the deed of assignment, but simply the recital of a fact by the husband, that he might have made to the same effect as a witness for the wife (if competent) as against the claims of creditors. It discloses only that such an instrument had been made. The proof in the case shows how the investment was made (if made at all), namely, that the legal title had passed to the husband long before the wife's land was sold, and that the wife's money had contributed to discharging the purchase money due upon it. This fact, however, is not shown unless the recital in the deed of assignment is evidence of the fact. The creditors, under a deed of this sort, will not be estopped to show that a party named by the assignor or as a creditor is not in fact such. A contrary rule would enable the insolvent to create or recognize liabilities that could not otherwise be enforced in a court of law or equity. The assignee, although he accepts the trust, may show that one named as a creditor has been paid, or never was in fact a bona fide creditor of the insolvent; so the real creditors who are the beneficiaries may make the same defense. This case is not within the rule laid down in *Lathum v. Glen,* and is directly opposed to the doctrine as established in the case of *Pryor v. Smith,* 4 Bush 379; *Young v. Nerbis,* MSS. Opinion; *Maraman v. Maraman,* 4 Met. 76. This equitable claim of the wife, if established as maintained, cannot be allowed to affect the claims of creditors, and she is not entitled to the land, nor can she assert her claim as a creditor of the husband so as to affect his creditors.

Judgment below *affirmed.*

*B. J. Peters, T. Turner, for appellant.*

*Apperson & Reid, W. H. Holt, for appellee.*