JUDGE.ELLIOTT
delivered the opinion op the court. .
On the 30th of March, 1874, the appellee Henry Hardesty brought this action, and alleged that W. G. Darnaby, on the 30th of March previously, had, in writing, transferred and assigned to him all of his estate that was subject to the pay *486 ment of his debts, in trust for his creditors. He asked the assistance and direction of the court in the execution of the trust.
He alleges that a part, of the real estate transferred to him by the deed of trust is a house and lot in the city of Lexington, conveyed by F. Montmullen to W. G. Darnaby, and to which real estate the appellant, who is the wife of his vendor, sets up some claim.
The appellant, by her answer, after stating that she became the wife of W. G. Darnaby on the 16th of February, 1869, says that at the time of their marriage she had a distinct understanding and agreement with W. G. Darnaby that all she owned and possessed at the time of the marriage, or that should afterward and during the marriage be received by her of her estate, should belong to her and be held for her separate use. She alleges that the estate owned by her at the time of the marriage was by her husband to be vested in real property as a home for her, and that the deed to such property was to be made to her for her separate use.
Under and by virtue of this contract she says she shortly after her marriage delivered to her husband $4,000, and that before the deed from her husband to appellee Hardesty was executed she had delivered to him over $11,000, and that in pursuance of the agreement her husband purchased a lot from Montmullen, and under her supervision built a house thereon, and, as she supposed, at the time had taken the deed in her name.
She says the contract between her and her husband, that he should take her money and vest it in a home for her, was a post-nuptial one, being made after their marriage, and at the conclusion of a short bridal tour, and that it was an «unwitnessed verbal agreement.
The evidence of Mrs. S. E. Darnaby fully sustains the allegations of her pleadings. By her evidence it is fully estab *487 lished that shortly after the marriage, her husband received her money under a verbal agreement that he was to have the use of it without interest till he could purchase for her a suitable lot, and that upon such lot, with her money, he was to build for her a comfortable house, etc., and have the deed to the property made to her separate or exclusive use.
It is also shown that her husband received large amounts of money from her, amounting in the whole to over $10,000, and that, in violation of this verbal agreement with his wife, he bought the lot from Montmullen at the price, of $2,300, and although he had erected the buildings as he had promised, he caused the deed to the property to be made to himself, and on his financial failure he transferred the property to appellee Hardesty for the payment of his debts.
The court held and decided that appellant was not entitled to a conveyance of the Montmullen house and lot as against her husband’s creditors, and from that judgment she has appealed.
The contract between appellant and her husband, although void at law, could, in our opinion, have been enforced in equity had not the rights of creditors intervened, because, although on the marriage the husband was entitled to his wife’s personal estate, yet before she surrendered to him its possession she had a right to an equitable settlement, etc., which was a sufficient consideration to uphold the post-nuptial contract. But is she entitled to the enforcement of the contract as against creditors?
In Pryor, &c. v. Smith, &c., 4 Bush, 379, Z. F. Smith and others conveyed to Dupuy about three hundred acres of land for the consideration of over $17,000. Of this sum $1,602.50 was not paid in money, but by the simultaneous sale and conveyance to Z. F. Smith by Dupuy and his wife, Lucy Jane, of a tract of about thirty-two acres of land which Lucy Jane Dupuy owned by inheritance from her *488 father. In that case it appeared that Mrs. Dupuy objected to joining in the conveyance of her title unless the value of her land thus to be deeded should be secured to her out of the larger tract purchased by her husband.
She was finally, however, prevailed on to join in such conveyance on the verbal agreement of her husband, that he would indemnify her, and under advice that the deed to A. Dupuy, her husband, would vest the land in him in trust for her, to the extent of $1,602.50. The deed of Smith and others to Dupuy and the deed of Dupuy and wife to Smith were executed and delivered on the 1st of June, 1858.
On the 24th of August, 1867, A. Dupuy, being involved in debt, made .to W. S. Pryor a deed of assignment for the benefit of creditors, and the deed embraced the large tract of land which he had purchased from Smith and others, and in part payment of which his wife had conveyed her own land.
To Pryor’s suit to enforce the provisions of Dupuy’s trust-deed Mrs. Dupuy appeared and claimed out of her husband’s estate an equitable provision to the extent of $1,602.50, she having paid that much for the tract of land bought of Smith, by her conveyance of her own real estate under a verbal agreement of indemnity, but her claim was rejected, and that judgment was affirmed by this court.
The court say: “The claim of Mrs. Dupuy was, in our opinion, properly .rejected. The deeds contained no reservation in her favor. One of them divested her of title, and the other vested in her husband the land which he purchased in part with it. These transactions constituted a complete conversion and reduction of her estate in the land by her husband to his possession; and generally, where this is done, a court of equity will not interpose to provide for the wife to the exclusion of the claims of creditors.” (See also Whitesides v. Dorris and wife, 7 Dana, 108; Martin v. Trigg, 8 B. *489 Mon. 529; Latimer v. Glenn, 2 Bush, 543; Watson v. Robertson, 4 Bush, 39.)
In Maraman v. Maraman, 4 Met. 90, the wife had conveyed her property, at the husband’s solicitation, and had taken his promissory notes as indemnity, and the court adjudged her equity inferior to the rights of the creditors to have payment of their claims; whether this decision was right or not, we think that-the case of Pryor v. Smith, &c., is conclusive of this case.
The contract between the appellant and her husband is proved by appellant herself, and was verbal and post-nuptial, and although we doubt not in this instance the contract was made, to establish a rule that would uphold such verbal post-nuptial contracts, between husband and wife, in preference to the rights of creditors, would open a door to innumerable frauds' and perjuries.
After a careful review of most of the cases on the subject, we have been unable to find any that upholds a post-nuptial contract between the husband and wife for the wife’s benefit in preference to the just claims of the husband’s creditors, and any other rule would result in fraud, especially if the post-nuptial contract could be established by the evidence of the wife, as in this case.
Wherefore the judgment is affirmed.