JANE D. NICHOLS *v.* SIMON SCARCE, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—270.]

**Husband and Wife—Husband's Creditors.**

> Where the husband receives money from his wife and executes to her his notes, promising to repay her, such obligations cannot be enforced by the wife as against the husband's creditors.

APPEAL FROM WOODFORD COURT OF COMMON PLEAS.

September 23, 1880.

OPINION BY JUDGE PRYOR:

The promise on the part of the husband was never carried out. He gets the money, and promises to pay her the proceeds at some future day by the execution of his notes, that, if binding on the husband as between the wife and his personal representatives, cannot and ought not to affect the claims of creditors. That the wife can loan the husband her money by taking his notes, and then enforce the claim as against creditors, is a doctrine that will not be sanctioned by this court. It will invite the execution of such agreements at the expense of creditors; and while the promise to pay in this particular case was made in good faith, it cannot, in a court of equity prevail against the husband's creditors. The husband had received the checks for the money, and although he may not have intended to convert it to his own use, that fact should have been evidenced in some other way than the execution of his note to his wife.

The cases of *Darnaby v. Darnaby,* 14 Bush 485, and *Pryor v. Smith,* 4 Bush 379, presented as much as or more equity in favor of the wife than the case before us. In the case of *Darnaby v. Darnaby* the husband received the wife's money upon an express agreement to invest it for her in real estate and have the deed made to her separate use. The right of the wife was denied, and one of the grounds was that it would open a door to innumerable frauds and perjuries. Although the contract in that case was verbal, when proven, as between the husband and wife, it would have been enforced. In the case of *Pryor v. Smith* the equity of the wife was equally as strong, and still denied as against creditors. If there had been a verbal promise in this case by the husband to pay this money to the wife, and that he should hold it as her separate estate, it would have been as binding on the husband as if in writing; but it cannot be urged as against creditors that it should be enforced.

As said by the court in *Maraman's Adm'r v. Maraman,* 4 Met. 84, the legal and equitable demands of creditors must prevail. The evidence of a settlement on the wife must depend upon other proof than the mere promise by the husband, whether verbal or written, that he will pay her the money received, in order to affect the rights of creditors which the chancellor may be reluctant to pronounce against the wife in a case like this, where it must be inferred that the intentions of both husband and wife were free from any fraud as against his creditors; still, the rule of equity applicable to this class of cases ought not to be changed to avoid the hardships of this particular case.

Judgment *affirmed.*

*H. C. McLeod, A. Duvall,* for *appellant.*

*Porter and Wallace,* for *appellees.*