ⴱASE ⸳61—EQUITY—JUNE 20, 1882.

# German Insurance Bank v. Nunes, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

ˈ1. In·all cases where conveyances are made ostensibly to secure an equal distribution of assets among creditors, their validity depends upon the intention of the debtor.

2. A debtor conveys his property, stating upon the face of the deed that · he has more property than will pay his debts; declares his object to be to prevent a sacrifice of his property, and to save a residue for himself. The deed is fraudulent as to creditors upon its face.

ALEX. P. ꞌHUMPHREY FOR APPELLANT.

1. It is clear that appellee Nunes considered his property more valuable than the amount of his debts, and he intended to prevent his creditors from enforcing payment by ordinary process.

:2. He had a double design: to pay his creditors and leave a surplus for . himself. The deed is, upon its face, fraudulent as to creditors. (Ward v. Trotter, 3 Mon., 1; ⸳8 Dana, 247; 1 Sand. Ch'y, 8; 11 Cent. Law Jour., 481.)

German Insurance Bank v. Nunes, &c.

WHARTON & RAY and W. O. & J. L. DODD for APPELLEES.
1. The recital in the deed is immaterial. If there is a recital, and the
   operative part of the deed is not ambiguous, the recital has no effect,
   whether it agrees or is in conflict therewith. The intent of the par-
   ties is evident, and no fraud can be derived from it. (Burrill on
   Assignments, 83, 454, 455, 466, 336, 474, 475; Herman on Estoppel,
   sec. 254; 18 Barb., 612; Bank U. S. v. Hake, 4 Mon., 429; 16 B. Mon.,
   238; 15 Barb., 619; 32 N. Y., 212; 22 Ala., 243; Ward v. Trotter, 3
   Mon., 3; 15 Mo., 381; 5 John. Ch., 27; 21 N. Y., 23.)
2. If there is any doubt as to the meaning of the terms used, and the
   assignor is entitled to make proof of their meaning, there can be no
   estoppel. (Banks v. Coyle, 2 Mar., 566; Mershon v. Mershon, 9 Bush,
   638; 5 Mon., 60; 7 J. J. Mar., 81.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

The only question to be considered is, whether, the follow-
ing deed of trust is fraudulent and void because made to
hinder and delay creditors. The material part of the deed
reads: "That whereas, the said first party is, indebted to
sundry persons in various sums, amounting in the aggregate
to about thirty-eight thousand dollars, and is the owner of a
large amount of assets, estimated to be worth more than fifty
thousand dollars; and whereas, the said first party is unable
to convert his said assets into money fast enough to dis-
charge his said indebtedness as it matured, and is desirous
that the same shall not be sacrificed, but so managed and
disposed of that they will realize their fair value at as little
cost as possible, and satisfy his creditors in full, and leave a
residue for him."

In all cases where conveyances are made for the ostensible
purpose of securing an equal distribution among creditors
of the property of the debtor, the validity of the convey-
ance depends upon the intention of the debtor. If the
intention be to hinder and delay creditors in the enforce-
ment of their demands against the debtor, rather than to
secure an equitable distribution of the property among cred-

itors and for *their* benefit, the conveyance is fraudulent and void.   It is not the effect of such conveyances that determines their validity, for every such conveyance, in effect, hinders and delays creditors.   It is the intention that controls, and that intention cannot be better determined than from the language of the conveyance, although it may be established by extraneous evidence.   Here the deed declares that it is made "to prevent a sacrifice" of the property, and "to leave a residue" to the debtor.   It avows that the assets are largely in excess of the liabilities, and thus manifest, in support of the express declaration quoted, that the primary and sole object of the deed was not to secure as much as possible to the creditors, but, on the contrary, to obstruct the creditors in the enforcement of their legal remedies, in order that the debtor might be benefited.   In our opinion the deed upon its face is fraudulent, and should be set aside.   (Ward, &c., v. Trotter, &c., 3 Monroe, 1 ; Vernon, &c., v. Morton & Smith, 8 Dana, 263.

Judgment reversed, and cause remanded for further proceedings consistent with this opinion.