W. P. DEVON *v*. BALTHASA KOBIGEN ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—617.]

### Competency of the Wife to Testify.

While a wife can not testify for or against her husband, she may testify for herself; and where creditors institute an action to set aside a conveyance from the husband to his wife, claimed to have been made to defraud them, the wife is a competent witness for herself.

### Claim of Wife Under an Executed Contract.

Where a contract between a husband and his wife is executory merely the wife's claim must yield to the creditors; but where it is executed in good faith by reason of the prior agreement and before the creditors have seized the property by execution, attachment or otherwise, the wife's claim prevails.

### APPEAL FROM PENDLETON CHANCERY COURT.

January 11, 1883.

OPINION BY JUDGE PRYOR:

If the objection made to the competency of the witness or her testimony on the ground that she is the wife of the codefendant is available, then the judgment below is erroneous. We perceive nothing, however, in the objection. The action was instituted for the purpose of canceling the conveyance made by the husband to the wife upon the ground that it was in fraud of the husband's creditors. The defense is that the conveyance was executed in performance of an agreement between the husband and wife that the conveyance should be made to the wife. The consideration as alleged is that the proceeds of the real estate of the wife paid for the land. The wife, who is a defendant, testifies to this agreement, and her statement, connected with the fact that the proceeds of her estate purchased the property, is sufficient to authorize the judgment below. It is immaterial that the wife is interested or made the agreement during marriage. She can not testify for or against her husband but she may testify for herself. Code (1876), § 606, makes as one of the exceptions "except in actions which might have been brought by or against the wife, if she had been unmarried, and in such actions either, but not both, of them may testify."

The wife is corroborated by the testimony of the son, and there is no doubt but that her property purchased the land. The contract between the husband and wife had been fully executed before the creditor undertook to assert his claim against the land. The equity of the wife to a conveyance is manifest by reason of the agreement to convey in consideration that the wife's property should be applied to its payment. Courts of equity make a distinction between such executory agreements between husband and wife and cases where the agreement has been fully executed by a conveyance. Where it is executory merely the wife's claim must yield to the creditors; but where it is executed in good faith by reason of the prior agreement and before the creditor has seized the property by execution, attachment or otherwise the wife's claim prevails. As to the stock, etc., on the place there is no denial of the allegation that it belongs to the wife. *Pryor v. Smith,* 4 Bush (Ky.) 379; *Maraman's Admr. v. Maraman,* 4 Metc. (Ky.) 84; *Sanders v. Miller,* 79 Ky. 517, 3 Ky. L. 295, 42 Am. Rep. 237; *Campbell v. Campbell's Trustee,* 79 Ky. 395, 3 Ky. L. 15. We perceive no error for which this judgment should be reversed.

Judgment below is therefore *affirmed.*

*D. A. Glenn, Leslie F. Applegate, for appellant.*

*Duncan & Barker, for appellees.*