TURLEY *v.* ALPHIN & CRAIG.

LILLARD *v.* TURLEY'S TRUSTEE.

FORD'S ADMR. *v.* TURLEY'S TRUSTEE.

ARTEMINA TURLEY *v.* ALPHIN, ET AL. ·

[Abstract Kentucky Law Reporter, Vol. 5—770, 772.]

**Conveyance to Delay Creditors.**

A conveyance by a debtor with the best intentions to save his property for his creditors and to prevent suits, made to a trustee, while not made to defraud creditors, is void as made to delay his creditors, and such estate is subject to an execution of a creditor who by his diligence secures an advantage over general creditors.

**Rights of a Wife as Against Her Husband's Creditors.**

While a wife who has placed her means in possession of her husband may be entitled as against him to an equitable settlement, she can not obtain any relief as against his creditors or out of his estate when it affects their demands.

## APPEALS FROM GALLATIN CIRCUIT COURT.

March 13, 1884.

OPINION BY JUDGE PRYOR:

The facts of this record as well as the conveyance itself bring this case distinctly within the rule laid down in *German Ins. Bank v. Nunes,* 80 Ky. 334, 4 Ky. L. 16. There the debtor, reciting the fact that his estate was more than sufficient to pay his debts, conveyed to an assignee for the benefit of creditors to prevent a sacrifice of his property, and it was held that the intention to hinder and delay creditors was manifest from the face of the deed.

In the present case suits were pending by creditors and, in order to prevent the institution of other actions and the accumulation of costs and produce equality in the distribution of assets, the debtor conveyed his estate that he considered ample and more than sufficeint to pay his debts, reserving the right to continue the control of the estate for a fixed period, and if at the end of that time he failed to pay his debts the assignees were to dispose of his property. The creditor had the right to his judgment and an execu-

tion upon it for the purpose of securing payment, and to prevent this the debtor conveys his estate that is more than sufficient to pay his debts, as he states, to trustees to prevent the appellees from making their judgments by ordinary executions. Such a conveyance is expressly prohibited by the statute (Gen. Stat. 1883, ch. 44, art. 1, § 1) and however honest the debtor may have been in his belief that he had the legal right to make such a conveyance the statute steps in and forbids it, because it shows the intention of the debtor to hinder his creditors in the collection of their demands. The title is passed to the assignees without any power to control or dispose of it during that period. The honesty and financial integrity of the debtor and his assignees may not be questioned, and from the facts of this case they acted in the belief that the right to make such a conveyance was unquestioned; still the intention was to hinder and delay those who were attempting to make their debts out of an estate, as the debtor recites, that was more than ample to pay all the demands against him.

The effect of a general assignment, it is argued, is to delay creditors, and therefore every conveyance having such an effect must be held as coming within the statute. The distinction between the cases is, the one is made with the intent to hinder and delay, and the other is a conveyance by the debtor of his entire estate for creditors, resulting from his insolvency, with no intention to delay creditors, but for the sole purpose of having an equal and equitable distribution of his estate between them. Any other rule would enable the debtor to dispose of his estate whenever he saw proper, however ample his estate to pay his debts, to trustees so as to prevent any suits by others or issuing and levying of executions upon the estate in his hands to satisfy the judgments. He could force the creditor to go into a court of equity to make his debt or judgment out of the trust estate, and thus delay its execution, when there should be nothing in the way of its collection by the ordinary process of law. A conveyance made with the intent to delay, hinder or defraud creditors shall be void, etc. There was no purpose to defraud in this case because the debtor seems to have been desirous of paying all his debts, but the objection to the conveyance, and one that must prove fatal to its validity, is that it was executed to hinder and delay certain creditors in the collection of their debts, and that this was done for the additional reason that equality in

34

the distribution would be procured can not affect the decision of the question involved. The execution creditors had the executions levied on the land before the trust was accepted by the assignees and before the expiration of the time at which the debtor was compelled by its terms to surrender the possession. These being levied and the deed being void gave to these creditors liens upon the land that in the distribution must give them a preference over the general creditors. The judgment is therefore *affirmed* as to Alphin & Craig and *reversed* as to Lillard and Ford's Administrator. *Ward v. Trotter*, 3 T. B. Mon. (Ky.) 1; *Vernon v. Morton*, 8 Dana (Ky.) 247; *German Ins. Co. v. Nunes*, 80 Ky. 334, 4 Ky. L. 16.

As to the wife of the debtor, however great the equity as against her husband, she can not obtain any relief as against his creditors or out of his estate when it affects their demands. She may be as against the husband entitled to an equitable settlement, but having long since placed her means in the possession of her husband, that was her general estate, his parol promise to secure his wife at the time he received the money can not be enforced as against creditors. That question has been so often decided that it is only necessary to call the attention of counsel to the cases. *Darnaby v. Darnaby's Assignee*, 14 Bush (Ky.) 485; *Pryor's Assignee v. Smith*, 4 Bush (Ky.) 379; *Whitesides v. Dorris*, 7 Dana (Ky.) 101; *Watson v. Robertson*, 4 Bush (Ky.) 37; *Maraman's Admr. v. Maraman*, 4 Metc. (Ky.) 84.

The judgment is *affirmed* as to Mrs. Turley.

*Winslows & Warren Montfort, for Turley.*

*J. J. Landrum, for Ford and Lillard.*