IRVINE MILLER v. THOMAS CLEMMONS.

[Abstract Kentucky Law Reporter, Vol. 6—296.]

**Homestead Claim.**

A renewal of a note given before the passage of the homestead exemption act of June, 1866, is not a satisfaction of the debt but only changes the evidence of it and the debt will be regarded as created before the date of said act.

APPEAL FROM NELSON CIRCUIT COURT.

October 2, 1884.

OPINION BY JUDGE LEWIS:

It has been expressly decided by this court that a renewal of a note given before the passage of the homestead exemption act of June, 1866, is not a satisfaction of the original debt, but only a change of the evidence of it, and consequently the debt for which judgment was rendered in this case should be regarded as having been created before that date, and not affected by the act. *Pryor, Assignee, v. Smith,* 4 Bush, 379.

It appears that the original note was executed by the firm of J. Miller & Bro., but the note sued on given in renewal was executed by appellant only. But as he was a member of that firm and bound for the debt originally, it is not perceived how his liability has been lessened or why his homestead, before subject, has become exempt by reason of the release of his joint obligor in the original note.

This appears to be an action ordinary, and the prayer in the petition that it be adjudged that the execution to be issued after the judgment is rendered shall be endorsed that no homestead is exempt as against this debt, is rather a novel proceeding. And we do not see how the court could, without assuming jurisdiction as chancellor, adjudge at that stage of the proceeding as was done, that appellant's homestead was not exempt. But as no objection by demurrer, or otherwise, was made to the petition and appellant does not now complain of the judgment on that account, we do not think it necessary to disturb it, and as we percieve no other error it must be *affirmed.*

*Nat W. Halstead, for appellee.*

*J. W. Thomas, Wathen, Wickliffe & Wickliffe, for appellant.*