CASE 78—PETITION EQUITY—FEBRUARY 4.

# Hall v. Hall.

APPEAL FROM BULLITT CIRCUIT COURT.

HUSBAND AND WIFE—WIFE'S EQUITY.—Where the wife's money has come into the possession of the husband under an agreement by him to invest it for her use and benefit, and, in violation of that agreement, the husband has converted it to his own use by invest-

Hall v. Hall.

ing it in land and taking the title to himself, the rights of cred-
itors, without notice of the latent trust, are superior to the wife's
equity. And, even if the wife's right is superior to that of an
antecedent creditor (which is not decided), the right of a creditor
who has, without notice of the wife's equity, taken a mortgage
upon the property to secure his debt, is superior to that of the wife,
whether his debt was created prior or subsequent to the purchase
of the property by the husband.

CHARLES CARROLL AND JOHN D. CARROLL FOR APPELLANT.

1. The wife is a competent witness to prove the post-nuptial contract
   upon which she relies. (Darnaby v. Darnaby, 14 Bush, 485.)
2. Where the husband, in violation of such an agreement with his wife,
   takes title to himself, the wife will be permitted to assert her claim,
   even as against the husband's creditors, if credit was not given upon
   the faith of the husband's ownership. (Darnaby v. Darnaby, 14
   Bush, 485; Latimer v. Glenn, 2 Bush, 537; Maraman v. Maraman,
   4 Met., 90; Miller and Wife v. Edwards, 7 Bush, 394.)

   In this case the rights of the appellee were in nowise prejudiced
   or affected by the contract between Mrs. Hall and her husband, be-
   cause the debts he seeks to enforce were created *prior* to the sale of
   the wife's Bullitt county land, and at a time when the husband had
   no property.
3. Appellee's position is no better because he reduced his claims against
   Thomas J. Hall to a judgment, and had executions issued on same;
   nor will he be in any worse position than he was before the execu-
   tion of his mortgage, if this court decides in appellant's favor.

FAIRLEIGH & STRAUS FOR APPELLEE.

1. The alleged agreement between the husband and wife is not estab-
   lished by the proof, nor does it satisfactorily appear that the wife's
   money has gone into the land in controversy.
2. Even conceding that the facts alleged are true, the judgment is right.
       Where the wife has permitted the husband to reduce her property
   to his possession, she will not be permitted to obtain an advantage
   over the husband's creditors while the title remains in the husband.
   Her equity will be upheld only where she has forced the husband
   to consummate his agreement, and to place her in possession of the
   legal title to the property. (Pryor, Assignee, &c., v. Smith, 4 Bush,
   380; Latimer v. Glenn, 2 Bush, 538; Darnaby v. Darnaby, 14 Bush,
   485.)

   Miller and Wife v. Edwards, &c., 7 Bush, 396, explained.
3. The release by appellees of their execution lien, and the extension of
   time, constituted a new and valuable consideration for the execu-
   tion of the mortgages to appellees; and it can make no difference

that the debts secured were created prior to the purchase of this land. In this class of cases, whether the debt was created before or after the purchase of the land, is not a material inquiry.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The controversy here is as to the appellant's, Maria Hall's, right to have settled upon her one thousand dollars out of the proceeds of sale of a tract of land, the title to which was in Thomas Hall, husband of the appellant, the appellee, Robert Hall, claiming said sum as mortgagee of said land. The facts are briefly these: The appellant, in 1876, sold a tract of land lying in Bullitt county that belonged to her, for one thousand dollars, and delivered this sum to her husband, Thomas Hall, under promise that he would invest the said sum in Texas land for her use and benefit; that he did not so invest the money; but about two years afterwards he purchased a piece of land in Jefferson county, Kentucky, and took the title to himself; that several years thereafter he sold this land, the appellant joining in the conveyance, and purchased the land in controversy, lying in Bullitt county, Kentucky, and took the title to himself. He was indebted to the appellee by judgments, and the executions were levied on the land, and a mortgage was given upon the land to secure these debts, and the executions were returned in consequence thereof. Said debts were created before the purchase of either tract of land by Thomas Hall. It is a part of the proceeds of this land that the appellant contends that her right to a settlement out of is superior to Robert Hall's mortgage right.

Whether or not the appellant's thousand dollars

went into either tract of land is extremely doubtful. But conceding that it did, then her case is, in every substantial particular, like those of Meade, &c., v. Stairs, &c., 88 Ky., 66, and Darnaby v. Darnaby, &c., 14 Bush, 485, except in the fact that in this case the debts were created before Thomas Hall acquired the title to either tract of land; consequently, as it is contended, Robert Hall is not a creditor for value upon the faith of Thomas Hall's title to said property; therefore, his right is not superior to the equity of the appellant.

The appellant surrendered the title and possession of this money to her husband, it is true, as she says, in trust for a certain purpose. The trust was not, however, carried out, but the legal title to this money passed to the husband, and he did, in fact, convert it to his own use, and the appellant was only left with an equitable right to have this money, or its equivalent, settled upon her as long as it remained in the hands of her husband, either in kind or in land, but subject to the rights of creditors without notice of this latent trust. Such trusts are latent, and can not prevail against the rights of any creditor that has no notice of them. If it be true that an antecedent general creditor has no right as against this latent trust, because he did not give credit on the faith of the property bought with the trust money, which, however, we do not decide, it does not follow that such antecedent creditor, whose right has attached to the thing itself by superior title, would be thus postponed. His right having attached to the thing itself without notice of the trust, the

trust would be thereby postponed to such right. The consideration for the mortgage was valuable, and sufficient to uphold the mortgage, even as against a prior mortgagee, who had paid cash down, but had failed to record his mortgage, provided the latter had recorded his without notice, &c. So here the mortgagee obtains his mortgage to secure an antecedent debt without any notice of the appellant's prior latent equity. Of course the appellee's right under this mortgage is superior to the appellant's equity.

The judgment is affirmed.