## Blackwell v. O'Neal, et al.

(Decided March 4, 1913.)

### Appeal from Henderson Circuit Court.

Fraudulent Conveyances—Action to Subject Wife's Property to Husband's Debt—Burden of Proof.—In a suit by a creditor of the husband to set aside as fraudulent a deed made by the husband to the wife, the burden of proof is upon the creditor to show the fraud in the transaction.

VANCE & HEILBRONNER for appellant.

CLAY & CLAY for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, Blackwell, in May, 1908, obtained a judgment in the Henderson Circuit Court against the appellee, S. A. O'Neal on a note executed by him in 1894. Execution issued on this judgment and was returned "no property found," and thereafter this suit was brought by him to set aside as fraudulent a deed made by S. A. O'Neal to his wife, Carrie F. O'Neal in April, 1908.

It appears from the evidence that in October, 1907, Mrs. Mollie Dade executed a deed to S. A. O'Neal for the property sought to be subjected, but this deed was never put to record, and in April, 1908, S. A. O'Neal, although he had no title of record, conveyed the property to his wife for the recited consideration of one hundred dollars and love and affection.

For answer to the suit seeking to subject the lot, S. A. O'Neal and his wife averred that the whole of the consideration paid to Mrs. Dade for the lot was paid out of the money of Carrie F. O'Neal, and that no part of the consideration was paid by S. A. O'Neal out of the money owned by him, although the transaction was conducted by him acting as the agent of his wife, and that by a mistake or oversight the deed was made to S. A. O'Neal. It was further averred that after the mistake in the execution of the deed was discovered, S. A. O'Neal, for the purpose of correcting the mistake, conveyed the property to his wife.

The evidence on behalf of Blackwell shows that the notes given to Mrs. Dade for the unpaid purchase money were signed by S. A. O'Neal, but that the checks given to pay these notes were all signed by S. A. O'Neal as

agent for his wife, and were drawn on her account in the bank.

Mr. Montgomery Merritt, who wrote the deed for Mrs. Dade, testified in substance that, a short time after the deed had been written, S. A. O'Neal brought it back to his office and told him that the deed should have been made to his wife, as she was paying for the property. Whereupon he said to him that he had written the deed according to instructions, but that if the property belonged to his wife, he could convey it to her and that would have the same effect as if the deed had been originally made to her by Mrs. Dade. That he did not remember having any conversation with O'Neal or his wife in reference to the matter until O'Neal brought the deed to him as before stated.

S. A. O'Neal testified positively that all of the purchase money was paid by his wife through him acting as her agent, and that when the deed was made by Mrs. Dade, he was not present and did not discover that it was made to him in place of his wife until after he had gotten it from Mr. Merritt. He also said that he was a doctor but that his income was not large and what he made was mostly spent on his son who was in delicate health.

Carrie F. O'Neal, although she was not a competent witness, as her husband had testified, gave her deposition, and it appears that several questions and answers therein were put in evidence by Blackwell. In these questions and answers she said that she was a school teacher getting $30 a month, that she also kept some boarders and taught music and had an income from investments, and that out of the money derived from these sources she made all the payments on the property sought to be subjected.

It seems that S. A. O'Neal had no bank account, but the bank account of Carrie F. O'Neal was put in evidence, and it shows that during the year 1907, she deposited $581, in 1908, $339, and in 1909, $354, and it is the contention of counsel for Blackwell that this amount of money could not have been derived from the income of Carrie F. O'Neal, and that her husband, who was a doctor with a small practice, deposited his earnings in her name as a part of the scheme to defraud his creditors.

There are some circumstances in the case conducing to show that the property was paid for, at least in part, with the money of S. A. O'Neal, and that the conveyance

was made to his wife for the purpose of defeating the collection of Blackwell's debt. But, on the other hand, we have the positive statements of O'Neal and his wife showing that all of the purchase money was paid by her out of means of her own and that no part of her husband's money was invested in this property; and we are of the opinion that the circumstantial evidence is not strong enough to overcome the statements made by O'Neal and his wife.

Counsel for Blackwell further insist that the burden of proof was erroneously put by the lower court upon Blackwell. Although this does not seem very material, as the evidence was by deposition and was considered as a whole by the court, the court nevertheless correctly ruled that the burden of proof was on Blackwell. Cogar v. National Bank of Lancaster, 151 Ky., 470.

The judgment is affirmed.