## Phillips v. Bowles, et al.

(Decided June 12, 1925.)

### Appeal from Pike Circuit Court.

1. **Trusts—Resulting Trust Arose where Title to Wife's Property was Taken in Name of Husband Without Her Knowledge and Consent.**—Where property was paid for with funds of the wife, taking of title thereto by the husband, who bought in the property for her at commissioner's sale thereof, without her knowledge or consent, and through some error and mistake, created a resulting trust in such land in favor of the wife, in view of Kentucky Statutes, section 2353.

2. **Husband and Wife—Claims of Creditors to Property in Husband's Name, Belonging to Wife, would be Preferred to those of the Wife.**—Where a large amount of indebtedness of husband was created subsequent to recording of deed by which he took title to wife's property, and creditors had no notice of her equity therein, and husband represented himself to be actual owner thereof, claims of creditors against such property would be preferred to those of the wife.

3. **Evidence—Court Judicially Knows that Business is Transacted on Faith of Persons' Apparent Title to Land.**—Court judicially knows that business is transacted on faith of persons' apparent title to land.

ROSCOE VANOVER for appellant.

MOORE & CHILDERS and R. H. COOPER for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

In 1916, appellant bought a piece of property, title to which she took in her own name. There was a remote vendor's lien on this property, and thereafter suit was brought to foreclose that lien, in which suit appellant's property was sold at a commissioner's sale. Appellant's

husband attended this sale for her and bought in the property. Through some misunderstanding at the time, the commissioner made the deed to the property of date October 4, 1920, in the husband's name. This deed was later recorded on December 30, 1920. We think it clearly appears that appellant from her efforts in keeping boarders and from her salary as postmistress at Shelbiana paid for this property out of her own funds not only originally but also at the commissioner's sale, and that the taking of the deed by the husband at that time was without appellant's knowledge or consent and through some error and mistake. Hence there was a resulting trust in this land in favor of appellant. See Kentucky Statutes, section 2353. Appellant claims that she did not discover that her husband had taken the deed to this land in his name until a month or so before she brought this suit in April, 1923. Of course, in the meantime, the record title was in her husband. At the time appellant's husband took this deed in his name he was engaged in a mercantile business and, as the record shows, contracted numerous debts thereafter.

A short while before the bringing of this suit, the husband became bankrupt and then it was, as appellant says, that she first discovered that her property stood in her husband's name. Under permission of the bankruptcy court, appellant then brought this suit against her husband's trustee in bankruptcy seeking to recover the land in question. The trustee, together with a number of her husband's creditors who intervened, defended on the ground that the claim of her husband's creditors who became such subsequent to the recording in December, 1920, of the deed was superior to that of appellant. The lower court so adjudged, and appellant appeals.

In the case of Miller v. McLin, 147 Ky. 248, 143 S. W. 1008, a case almost identical in facts with the case at bar, this court said:

"But this statute (section 2353, *supra*) cannot be invoked to aid Mrs. Miller in defeating the creditors of her husband, whose debts were in good faith contracted after the conveyances were made to him, without notice of the fact that she furnished the money or that it was agreed the deed should be made to her. This statute is only intended to assist persons paying the consideration to reclaim property while it is in the possession of the person who took the deed to himself in violation of the trust, without

the consent of the person paying the consideration, or, while it is held by a volunteer or purchaser with notice of the trust, it does not apply when the rights of creditors or purchasers in good faith and without notice have intervened.''

The court further said:

"When the wife gives her money to her husband, and he invests it in land, taking the title to himself, although it may have been agreed between them that the title should be taken to her, her claim will be subordinated to that of the creditors of the husband who are attempting to subject the land to the payment of debts created while the title was in the husband and without knowledge of equity of the wife. It would be manifestly unfair to creditors to let the wife take the land on the faith of which the husband was allowed to create debts.''

It is satisfactorily shown here that a large amount of indebtedness of appellant's husband was created subsequent to the recording of the deed in which he took title to his wife's property. It is not shown that any of these creditors had notice of appellant's latent equity. Not only do we know that business is transacted on the faith or a person's apparent title to land, but it is also affirmatively shown here that appellant's husband on several occasions represented himself to certain creditors as the actual owner of this land. Since it is not shown that any of these subsequent creditors had notice of appellant's latent equity they must be preferred to appellant so far as their claims are concerned.

The judgment of the lower court being in accordance with these views, it is affirmed.